**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

SCOTTY LEE VAN HAWK,

Plaintiff,

v.

PAMELA MARKS, Official Court Reporter, Kosciusko Circuit Court, in her individual and official capacities; and JOHN OR JANE DOE, operator of the digital court recorder, Kosciusko Circuit Court, in his or her official capacity,

Defendants.

Case No. 3:26cv1700

(Clerk to assign)

**JURY TRIAL DEMANDED**

FILED – NOV 19, 2026 – AM10:33
US DISTRICT COURT
Northern District of Indiana
Chanda J. Berta – Clerk

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**
**(42 U.S.C. § 1983)**

**INTRODUCTION**

1. On April 4, 2025, the Official Court Reporter of the Kosciusko Circuit Court certified the transcript for Indiana Court of Appeals No. 24A-CR-03161 as "full, true, correct, and complete." (Tr. Vol. IV at 207.) The transcript is not complete. It has no section for three hearings that the court's own recorder captured. It has 21 other numbered discrepancies from the recordings: three partial omissions, including an interval marked "off the record" that was recorded, and 18 line-level differences. All 24 are listed in the Schedule of the 24 Numbered Omissions and Discrepancies, Exhibit J (rows H-1 to H-3, PO-1 to PO-3, and L-01 to L-18), with the transcript page and line and the time on the recording.

2. Plaintiff is deaf. He used a personal transcription device at counsel table to caption the proceedings in real time as a hearing accommodation. Judge Reed allowed it on the record. On September 4, 2024: "I will … also allow you … to use your phone yes." (Tr. Vol. II

at 161:13–21.) On September 10, 2024: "I will allow Mr. Van Hawk to use his phone as well." (Tr. Vol. II at 190:22–23.) On October 8, 2024, to the jury panel: "he may have a phone that has an app on it as well. And we'll let him use that so that he can understand what's going on here in court." (Tr. Vol. III at 14:24–15:1.) On October 9, 2024: "he's allowed to use his phone as an accommodation for his hearing loss." (Tr. Vol. III at 201:8–10.) See paragraphs 17 through 18.

3. The three omitted hearings are September 20, 2023, October 17, 2023, and January 22, 2024. On information and belief, the court's recording of January 22, 2024 shows defense counsel objecting that Plaintiff "prefers a live transcriptionist to preserve that issue" and the trial court answering, "So, deny that motion." That objection and ruling are not in the transcript. (Exhibit J, row H-3; paragraph 27.)

4. On February 15, 2024, Plaintiff told the trial court that he had made "repeated requests for ADA compliance" and that "Judge Miner used a live transcriptionist that could correct the speech as it was going." (Tr. Vol. II at 118:1–3.) On information and belief, the caption application on the court's own screen video changed from "Working" to "Stopped" at 53:56, while the audio continued. At 54:13 Judge Reed answered: "This is as accurate as somebody listening to it and getting it wrong so we'll proceed thank you." (Tr. Vol. II at 119:3–5.) The transcript records the answer, not that the display had stopped. (Exhibit H; paragraph 47.)

5. On September 20, 2023, on information and belief, the trial court stated that arrangements had been made for CART services for the trial and any other evidentiary hearing at $190 per hour. (Exhibit J, row H-1.) Later, on January 22, 2024, the trial court denied the motion for a live transcriptionist (paragraph 3); on February 15, 2024, it answered Plaintiff's ADA request with "we'll proceed" (paragraph 4); and on December 19, 2024, it denied a continuance that Plaintiff sought to retain an outside transcription service, Connor Reporting (Tr. Vol. IV at

173:5–20). Plaintiff pleads these facts as background. This complaint asserts no separate claim for denial of captioning at any hearing.

6. The 24 numbered rows are: three omitted hearings (H-1 to H-3); three partial omissions (PO-1 to PO-3); and 18 line-level differences (L-01 to L-18), of which nine are places where the transcript shows "[indiscernible]" and the recording contains words, six are places where the words differ, and three are places where the speaker label is wrong. Several are Plaintiff's own statements that he could not hear or that the captioning was inaccurate (paragraph 46). The support is the court's own recorder files (rows H-1 to H-3, PO-3, L-01, L-17, and L-18) and audio and video files retained by Plaintiff's personal transcription device (rows PO-1, PO-2, and L-02 to L-16). The words attributed to the recordings were produced by transcription software and cross-checked. Plaintiff intends to file a certified transcriptionist's sworn transcript of these 24 rows from the native files (paragraph 36).

7. Plaintiff asks the Court to declare his rights, to order a corrected and complete transcript and the preservation of the recordings, and to award damages. He brings his claims under 42 U.S.C. § 1983 against Ms. Marks and a Doe defendant. He does not ask this Court to declare his conviction or sentence invalid, to order his release, or to reverse any state-court ruling.

## JURISDICTION AND VENUE

8. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3)–(4). The claims arise under 42 U.S.C. § 1983. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

9. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2). The events occurred in Kosciusko County, Indiana, in the South Bend Division of the Northern District of Indiana. On information and belief, each individual Defendant is located in Indiana.

## PARTIES

10. Plaintiff Scotty Lee Van Hawk receives mail at P.O. Box 144, Rochester, Indiana 46975. He is deaf. The Social Security Administration's Disability Determination Explanation, whose medical portion was signed January 19, 2026, finds him disabled because his hearing loss meets Listing 2.10A (Hearing Loss Not Treated with Cochlear Implantation), 20 C.F.R. Part 404, Subpart P, App. 1. It records a word recognition score of 10% in the left ear and 0% in the right, that he could not understand speech presented at 95 dB, and that he "[c]an only communicate via lip reading." (Exhibit K.) The Social Security Act defines disability differently from other statutes, so Plaintiff offers the designation only as supporting evidence of his hearing loss. His deafness substantially limits the major life activity of hearing.

11. Defendant Pamela Marks is the Official Court Reporter of the Kosciusko Circuit Court, Warsaw, Indiana. Judge Michael W. Reed called her "Pam Marks" on the record (Tr. Vol. III at 16:3) and, in the same role, "Pam Brescia" (Tr. Vol. II at 212:4). The Reporter's Certificate and the Clerk's notice use the name Pamela Marks. Plaintiff does not allege that "Pam Brescia" and Ms. Marks are the same person. The circuit judge appoints the official reporter. Ind. Code § 33-41-1-1. Ms. Marks acted under color of state law at all relevant times. She is sued in her individual capacity for damages and declaratory relief, and in her official capacity for prospective injunctive relief.

12. Defendant John or Jane Doe ("Doe") operated the Kosciusko Circuit Court's digital court recorder at the hearings described below. Plaintiff does not know Doe's name. The

recorder files for several 2023 hearings record the log-in name "PBrescia" on court computer "PC1862." The files for the 2024 hearings in the Superior 4 courtroom record the log-in name "sup4cr" on court computer "PC1868." (Paragraphs 30 and 31.) Plaintiff does not allege that either log-in name identifies Ms. Marks or any other person. Doe is sued in his or her official capacity in Count II only, for preservation and correction of the record. Plaintiff will seek leave to amend when Doe's name is learned.

## FACTS

Exhibits F and I are attached. The other documents cited as Exhibits D, E, J, and K are in Plaintiff's possession and will be filed on request or at the appropriate stage.

### A. The criminal case and the appeal

13. Plaintiff was the defendant in *State v. Van Hawk* , Cause No. 43C01-2303-F5-000214, in the Kosciusko Circuit Court, the Honorable Michael W. Reed presiding ("the criminal case"; the court, "the trial court"). Hearings were held from March 23, 2023 through December 19, 2024. After a jury trial on October 8–10, 2024, Plaintiff was convicted. He was sentenced on December 19, 2024.

14. Plaintiff appealed (Indiana Court of Appeals No. 24A-CR-03161). His appointed appellate counsel, Donald R. Shuler, filed the Notice of Appeal (Appendix Vol. 4 at 183, 185–198). Plaintiff has reviewed the Notice of Appeal and the Court of Appeals order. The Notice of Appeal requested the transcript of all hearings in the criminal case, and the Court of Appeals ordered the transcripts of all hearings produced. Under Indiana Appellate Rule 11(A), the court reporter "shall prepare, certify and file the Transcript designated in the Notice of Appeal."

15. On February 6, 2026, the Court of Appeals affirmed. The Indiana Supreme Court denied transfer on May 14, 2026.

**B. Plaintiff's deafness and his personal transcription device**

16. Plaintiff used a personal transcription device at counsel table to caption the proceedings in real time. He states that the application's captioning function captures audio in order to transcribe it, that the device retained audio and video files automatically, and that the files synced automatically to his cloud account.

17. The trial court's statements allowing the device are quoted in paragraph 2. On September 4, 2024, Plaintiff answered, "I understand that I can bring a phone, yes," and Judge Reed said, "So those will be the accommodations." (Tr. Vol. II at 161:21–22.) On September 10, 2024, when Plaintiff said he had to put the phone in front of whoever was speaking for it to work, Judge Reed answered, "That's why we're going to rely on this voice to text system in real time." (Id. at 204:1–8.) On the morning of October 9, 2024, Judge Reed told Plaintiff, "you can look at your phone." (Tr. Vol. III at 184:12.) Judge Reed called the device Plaintiff's "phone." On information and belief, the certified transcript contains no direction to Plaintiff before October 9, 2024 not to record or to put the device away. Plaintiff does not allege that any judge gave him permission to keep or save audio or video files.

18. On October 9, 2024, at about 11:40 a.m., after a witness said she was concerned that Plaintiff had a phone in his pocket, Judge Reed directed Plaintiff not to record, had court security check the device, and, after the lunch recess, ordered him not to record. (Tr. Vol. III at 197:7–12, 198:15–17, 200:21–25, 202:2–13.) In the same exchange Judge Reed said Plaintiff was "allowed to use his phone as an accommodation for his hearing loss," and the prosecutor said the trial court had "allowed Mr. Van Hawk accommodation for one phone to accommodate his stated hearing loss." (Id. at 201:8–10, 202:16–17.) Plaintiff states that he kept using the device for captions afterward, trying anything he could to follow the proceedings, and that the trial court knew it. (Id. at 201:8–10, 202:16–203:4; Tr. Vol. IV at 43:12–21.) Every device file

behind a numbered row of Exhibit J records a hearing held before the October 9, 2024 direction (paragraph 35).

19. On October 9, 2024, when security looked at it, Plaintiff said, “Taking pictures of the, of the screen.” (Tr. Vol. III at 199:3.) He photographed the court’s caption monitor because it did not scroll back or identify speakers and he tried to save the text to understand what was said. The record shows the condition of the display. On September 10, 2024, Plaintiff said it “doesn’t say whose speaking or when,” and Judge Reed answered, “That is true.” (Tr. Vol. II at 195:16–19.) The same day Plaintiff asked to “scroll back up a paragraph on the text,” and Judge Reed said, “Apparently, we cannot scroll back up.” (Id. at 206:14–21.) At sentencing, Plaintiff’s counsel said the A.I. program does not identify who the speaker was. (Tr. Vol. IV at 172:22–173:2.) On October 17, 2023, Judge Reed said the screen “does black out from time to time” (paragraph 26), and on February 15, 2024 the caption window shows “Stopped” at 53:56 (paragraph 47).

20. Plaintiff did not know what files were in his cloud account until he reviewed them on November 16, 2026. In August 2025, after reading the certified transcript, he told his appellate counsel that the transcript did not match what he lived through. He based that on his own memory of the hearings. He did not know the content of the court’s native recordings until they were transcribed with transcription software on November 16, 2026.

**C. The reporter’s role**

21. On October 8, 2024, the first day of trial, Judge Reed told the jury panel: “My Court Reporter is Pam Marks and Pam records the proceedings and everything that transpires here in open court. She takes care of the records.” Tr. Vol. III at 16:2–4.

**D. The certified transcript**

22. On April 4, 2025, Ms. Marks signed a Reporter's Certificate (Tr. Vol. IV at 207; Exhibit E). It states that she "transcribed all statements by counsel and parties, the evidence given during the trial of this cause, the objections, the introduction of exhibits, the objections thereto and the Court's rulings thereon," and that "[t]he foregoing transcript, as prepared, is full, true, correct, and complete."

23. The Clerk's e-notice, with an entry date of April 4, 2025, states that Pamela Marks, Court Reporter, filed a Notice of Filing Transcript for 15 hearings: March 23, 2023; July 5, 2023; August 17, 2023; October 3, 2023; November 2, 2023; December 7, 2023; February 15, 2024; April 9, 2024; May 8, 2024; September 4, 2024; September 10, 2024; September 17, 2024; October 8–10, 2024; November 4, 2024; and December 19, 2024. (Exhibit F.)

24. The transcript volumes and table of contents contain no section for September 20, 2023, October 17, 2023, or January 22, 2024. No hearing for those dates appears anywhere in the volumes.

**E. Three hearings omitted from the transcript**

25. **September 20, 2023.** Plaintiff states that Judge Reed held a hearing on his appointed counsel's motion to withdraw and on the Motion for ADA Compliant Assistance (Appendix Vol. 2 at 95–96). The court's recording runs about 32 minutes (9:17 a.m. to 9:49 a.m. by the courtroom clock). The order of September 21, 2023 appears at Appendix Vol. 2 at 97–98. As described in the Appellant's Brief filed May 7, 2025, it denied the motion to withdraw and took further action on the ADA issue under advisement until Plaintiff provided medical evidence of the type and extent of his hearing loss. On information and belief, the recording shows that the trial court asked for "medical evidence of his impairment as to hearing" and stated that arrangements had been made with a named vendor for CART services for the trial and any other

evidentiary hearing at $190 per hour. It shows a speaker (not identified by the transcription software) objecting to continuing “without having a closed caption in front of” Plaintiff, and, on the court’s screen video, live captions with visible errors. A speaker said the captions were “not even remotely accurate.” (Exhibit J, row H-1; paragraph 36.)

26. **October 17, 2023.** Plaintiff states that Judge Reed held a status conference about the appointment of a public defender. The court’s recording runs about three minutes (8:38 a.m. to 8:41 a.m.). On information and belief, the recording shows that Plaintiff’s appointed counsel accepted the appointment, that the trial court would set hearings on pending motions, and that the judge said, “this screen does black out from time to time which I know is frustrating for Mr. Van Hawk,” and that the court would look into it (about 2:30–2:48 of the video). (Exhibit J, row H-2.) The transcript mentions October 17 only as a date for setting a later hearing and as the filing date of two motions (Tr. Vol. II at 71:18 and 73:4).

27. **January 22, 2024.** Plaintiff states that Judge Reed held a hearing on his motion to travel. The court’s recording runs about six minutes (11:10 a.m. to 11:16 a.m.) and was made on the court’s digital recording system in the Superior Court 4 courtroom (Exhibit C). On information and belief, it shows the judge saying that the voice-to-text application had been moved to the Superior 4 courtroom, that the system “just got set up in the last week,” that “we do not have a monitor yet for your desk,” and that “this is the best we’ve got.” It shows defense counsel stating, as the court’s display shows, that Plaintiff “feels that this system is again inadequate and prefers a live transcriptionist to preserve that issue,” and the judge answering, “So, deny that motion. Let’s proceed with any evidence that you have.” It then shows a speaker saying “I can’t hear you” and “I can’t hear what he’s saying,” and counsel stating that Plaintiff “has moved to continue … until we can get him a small monitor,” to which the judge answered,

"We will do that." (Exhibit J, row H-3; paragraph 36.) The Appellant's Brief lists January 22, 2024 among the hearings the trial court held.

28. On April 26, 2024, Judge Reed signed an order stating that the court "has provided a copy of the audio-recorded Hearings herein to" Plaintiff's then-trial counsel. (Exhibit D.) The order lists no hearing dates. The court was therefore providing copies of hearing recordings in the criminal case about eleven months before Ms. Marks certified the transcript.

**F. The court's digital recorder files**

29. The court records its hearings with a digital court recorder program. Plaintiff holds copies of recorder files (".dcr") for hearings in the criminal case (the Circuit Court courtroom in 2023 and the Superior 4 courtroom in 2024) and for hearings on January 3, January 18, and February 7, 2023 recorded on a Superior Court 3 recorder computer, "PC1866." Each file has a header recording the program name, court computer, log-in name, file identification number ("FILEID"), and creation time. Each holds eight microphone channels, and most also hold a video recording of a computer screen. The headers, as read by software, are in Exhibit I.

30. The files for September 20, 2023 (FILEID IBDHSI4T8KB7YT6, created 8:49:26 a.m.) and October 17, 2023 (FILEID VD93L7CBKWYB4MU, created 8:26:03 a.m.) were created on the same court computer, "PC1862," under the same log-in name, "PBrescia," and in the same series as the files for hearings the transcript does include: July 5, August 17, October 3, November 2, and December 7, 2023. Each header's storage path names the same folder, "F:\DCR Recordings\Circuit." The recorder's own bookmark for each lists case number 43C01-2303-F5-214 among the eight cases heard.

31. The file for January 22, 2024 (FILEID EHGA9NVHJRL94UF, created 10:41:56 a.m.) was created on a different court computer, "PC1868," under the log-in name "sup4cr," in

the folder "F:\DCR Recordings\Superior4." The court's own title for the recording reads "SCOTTY LEE VAN HAWK 43C012303F5214 MOT TO TRAVEL (RECORDED IN SUP IV COURTROOM)." The February 15 and April 9, 2024 recordings, which the transcript does include, were created on the same computer under the same log-in name.

32. Plaintiff's copies of the September 20 and October 17, 2023 files bear a file-saved time of April 25, 2024 (4:24 p.m. and 4:27 p.m. Eastern time), the same afternoon as the copies of the October 3, November 2, and December 7, 2023 and February 15, 2024 files. The copy of the January 22, 2024 file bears a file-saved time of January 26, 2024 (2:18 p.m. Eastern time). Those times show when each copy was saved, not by whom. The headers show that the September 20 and October 17, 2023 recordings were created on those dates, about eighteen months before the transcript was certified. (Exhibit I; Exhibit D.)

33. On information and belief, the court stores complete, full-day recorder files, with all channels, on or from computers PC1862, PC1866, and PC1868, and the recorder program keeps a record of the log-in names used and the files saved or copied. Plaintiff does not have those originals or records. On information and belief, they are the best evidence of what was recorded and who recorded it, and routine overwriting or deletion could destroy them.

**G. Omitted words and intervals, mislabeled speakers, and changed words**

34. Schedule 1 to this complaint is an index to the 24 numbered rows (H-1 to H-3, PO-1 to PO-3, and L-01 to L-18). Exhibit J lists the same 24 rows with a legend and a method note and, for each row, the transcript volume, page, and line, the certified text, the words on the recording and the time, the source of the recording, and how many software passes agree. Exhibit J is in Plaintiff's possession and will be filed on request or at the appropriate stage.

35. Rows H-1 to H-3, PO-3, L-01, L-17, and L-18 rest on the court's own recordings: the native files of the court's recorder or court-provided audio exports. Rows PO-1, PO-2, and L-02 through L-16 rest on audio and video files from Plaintiff's personal transcription device at the September 17, 2024 hearing and the October 8, 2024 trial (file names IMG_2274, IMG_2278 through IMG_2283, and IMG_5015). All of those files came from that device. The hearing dates given for them are the dates stored in the files: September 17, 2024 for IMG_2274, and October 8, 2024 for IMG_2280 through IMG_2283 and IMG_5015. The stored creation date of IMG_2278 and IMG_2279 is the evening of October 9, 2024 (Eastern time), because that is when they were auto-loaded. Those two recordings are of the October 8, 2024 trial, as the transcript pages cited in Exhibit J show. Plaintiff has not obtained the court's own audio of those two proceedings.

36. The words attributed to the recordings in this complaint and in Exhibit J were produced by transcription software (several passes on each recording), by reading the caption window on the court's screen video, and by comparing the passes. They are pleaded on information and belief. Plaintiff plans to obtain a certified transcriptionist's sworn transcript of the 24 numbered rows from the native files and to file it as a later exhibit; until then, Exhibit J and Schedule 1 are labeled as software transcription. Plaintiff will ask leave to lodge the recordings on physical media so the Court and the Defendants can listen to them.

**Examples from Exhibit J**

37. At Tr. Vol. III at 17:24–25, no words appear between the trial court's two lines "You may have a seat." On information and belief, the recording shows Plaintiff saying between those lines: "You know I can't hear you, Judge." (Exhibit J, row PO-2.)

38. At Tr. Vol. III at 18:1–2, the transcript reads: "Your honor [indiscernible] told me last week [indiscernible] rights. I am---". On information and belief, the recording shows Plaintiff saying: "Your Honor, you told me last week that I had no rights." The trial court answers: "You may have a seat, sir." (Exhibit J, row L-07.)

39. At Tr. Vol. III at 17:3, the transcript reads: "The fact that proper [indiscernible] compliance [indiscernible] American Disabilities Act is being completely ignored." On information and belief, the recording shows: "The fact that proper ADA compliance in the American Disabilities Act is being completely ignored." (Exhibit J, row L-03.)

40. At Tr. Vol. III at 17:20–22, the transcript reads: "I have no idea what was just said---" and "---I'm trying [indiscernible]---". On information and belief, the recording shows: "I have no idea what was just said. I'm trying to address the jury." (Exhibit J, row L-06.)

41. At Tr. Vol. II at 103:25–104:2, Plaintiff's protest about the captioning ("This is not accurate I can't see what's going on. It's mixing all the words. …") is labeled "THE COURT." The next line, also labeled "THE COURT," begins "So Mr. Van Hawk, we're past that." On information and belief, the recording shows that Plaintiff made the protest. (Exhibit J, row L-01.)

42. At Tr. Vol. II at 92:6–13, on February 15, 2024, the transcript labels as "THE DEFENDANT" a passage in which the speaker announces the appearances ("Mr. Van Hawk is here. He is here with his Attorney, Travis McConnell") and says of the court's captioning system, "this is incredibly accurate." As labeled, Plaintiff is recorded calling the system "incredibly accurate" right after he objected that it was "not accurate" (Tr. Vol. II at 91:10). On information and belief, the recording, on the judge's microphone channel and on the court's display, shows those words as the trial court's, and shows Plaintiff's own words in that stretch as

"Your Honor—." (Exhibit J, row L-17. The attribution rests on channel levels measured by software and has not yet been confirmed by a certified transcriptionist.)

43. At Tr. Vol. II at 92:16–24, on February 15, 2024, the transcript labels as "THE COURT" a statement that the speaker is "required to file the Motion that I filed" under Rule 1.16 and has "sent him correspondence," and a request to discuss details in camera. On information and belief, the recording shows that the statement is Plaintiff's counsel's, with the trial court speaking only the question "Would you like to do so." (Exhibit J, row L-18.)

44. At Tr. Vol. II at 237:6–8, the September 17, 2024 hearing ends with "(9:12 A.M. END PROCEEDINGS)." On information and belief, the recording continues for about nine seconds after the last transcribed line and shows Plaintiff saying: "You're going to retire, so what's going to happen then? You spend the rest of your life dealing with this, like you've done to me. Have a wonderful day." (Exhibit J, row PO-1.)

45. On August 17, 2023, the certified transcript records 10:53 a.m. to 10:58 a.m. as "TECHNICAL ISSUES PULLING UP THE TRANSCRIPTION SYSTEM / OFF THE RECORD." (Tr. Vol. II at 20:16–23.) On information and belief, the court's recorder captured audio and video for that interval (about 00:30 to 05:18 of the file), in which court staff set up the captioning system and screen, including the statement "captions are on." The transcript discloses the interval and its times and contains none of what was said. Plaintiff does not allege that the interval was concealed. (Exhibit J, row PO-3.)

46. Several omitted or changed passages are Plaintiff's statements about his hearing or the accommodations, or the trial court's statements about them: the three omitted hearings (H-1, H-2, H-3); the August 17, 2023 set-up interval (PO-3); and rows PO-2, L-01, L-03, L-04, L-06, L-13, and L-17. The volumes elsewhere record Plaintiff saying he could not hear or that

the captioning was inaccurate, for example at Tr. Vol. II at 103:25–104:2 and Tr. Vol. III at 82:6–10. Exhibit J does not claim that every "[indiscernible]" in the volumes is an error. The volumes contain 330 occurrences on 316 lines; Plaintiff has compared only a small number to the recordings and makes no claim about the rest.

## II. What the court's screen showed, and what Plaintiff asked for

47. On February 15, 2024, the court's screen video shows the caption application's status line reading "Working" at 53:52 and "Stopped" from 53:56 (screen clock 11:17 a.m.), with the text pane unchanged through the end of the file at 54:31. The last words on the display are "…You wouldn't give a blind person. here a vision" The certified text continues past those words with the rest of Plaintiff's ADA statement, including "I have no idea what went on today" (Tr. Vol. II at 118:12–14), and the trial court's answer, "This is as accurate as somebody listening to it and getting it wrong so we'll proceed thank you" (id. at 119:3–5). The recording continues to 54:31. The display therefore stopped before the trial court's answer. The files do not show who stopped the application or why, and Plaintiff does not allege either. (Exhibit H, the court's recorder file for February 15, 2024, at 53:52–54:31. This is a display observation, not one of the 24 numbered rows; paragraph 36.)

48. On December 19, 2024, Plaintiff's sentencing counsel told the trial court that Plaintiff had argued before that the A.I. translation service was inadequate, that Plaintiff asked to continue the hearing until he could secure Connor Reporting Services, and that counsel's calls and online request to that firm had not been answered. Judge Reed said, "I've found this to be more than adequate accommodation," and, "I'm denying any motion for a continuance." (Tr. Vol. IV at 172:22–173:20.)

49. The court's screen displayed caption errors that changed Plaintiff's name and words. On November 2, 2023, the caption read "Mr. Grant Hawkins previously indicated this insufficient" where the transcript has "Mr. Van Hawk has previously indicated is insufficient" (Tr. Vol. II at 73:7–9). On April 9, 2024, the caption read, in part, "I'm Scotty Benjamin" and "I'm Scotty Van Mock." The transcript records Plaintiff saying: "Your honor, I'm not Scotty Benjamin, I'm Scotty Van Hawk. It's not accurate---" (Tr. Vol. II at 119:21–22). (Caption text per video; paragraph 36.)

50. Plaintiff states that on November 1, 2022, at his hearing in Superior Court 2, there was no captioning, and the only accommodation for his hearing loss was a hearing-amplification system with headphones. The recording shows a status conference in six causes: 43D02-2004-CM-429, 43D02-2003-CM-338, 43D02-2006-CM-664, 43D02-2104-CM-414, 43D02-2103-F5-281, and 43D02-2103-F5-282 (the 43D02 prefix identifies Superior Court 2). It does not name the presiding judge, who is referred to here as the presiding judge of Superior Court 2. On information and belief, the recording shows the following, by the recording's clock: Plaintiff said the amplification "sounds like a broken speaker. It's very distorted" (about 01:51–01:55); Plaintiff asked for "a talk-to-text, a closed caption system so I can read what's being said" (about 05:30–05:41); the court answered, "Don't know if we're going to have that available for you," and, "that's probably what we're going to stick with" (about 05:42–05:53); Plaintiff asked again (about 06:07), and the court answered, "I don't think we're going to have that available for you," and, "it works well for everybody else" (about 06:12–06:23); and Plaintiff said, "I'm hearing impaired, I have to read your lips" (about 06:24–06:27). Plaintiff pleads these facts as background only, and makes no claim based on that hearing (paragraph 51). The quotations are

transcription-software output of the recording. The recording was provided to Plaintiff by the court.

51. Plaintiff does not allege here that the captioning at any hearing was or was not adequate. He pleads paragraphs 47 through 50 and the court's statements in paragraphs 25 through 27 to show what the court knew about his deafness and the limits of the captioning, and because the omitted hearings contain the court's own statements about the accommodation. No claim based on captioning at any hearing is brought in this complaint.

**I. What Ms. Marks knew**

52. On information and belief, Ms. Marks knew that the transcript she certified left out the three hearings and the passages listed in Exhibit J (rows PO-1 to PO-3 and L-01 to L-18), or acted with reckless disregard for whether it did, for these reasons:

53. She was the official reporter for the court that held the hearings, and the judge told the jury that she "records the proceedings and everything that transpires here in open court" and "takes care of the records." (Paragraph 21.)

54. She prepared and certified the transcript for the purpose of the appeal. She listed the 15 hearings she was filing, and she certified that she transcribed all statements by counsel and parties and that the transcript was "full, true, correct, and complete." (Paragraphs 22 and 24.)

55. The court's own recordings of the omitted hearings existed in the court's files, and the court had been providing copies of hearing recordings in the criminal case since at least April 2024. (Exhibits C and D.)

56. Where the recordings of the 2024 trial are clear, the transcript shows "[indiscernible]" or different words. Several of those places are Plaintiff's statements about his inability to hear or about the accommodations. (Paragraph 46.)

57. The initials "pb" appear as the typist's initials on Judge Reed's April 26, 2024 order, and the log-in name "PBrescia" appears in the 2023 recorder files. Plaintiff does not allege that either identifies Ms. Marks. He does not allege why any difference occurred beyond the facts in paragraphs 52 through 56. He alleges what the certified transcript leaves out or changes and what the certificate says, and will seek discovery on the reasons.

**J. Injury**

58. The omission and alteration of the record injured Plaintiff in these ways: (a) the transcript filed in the appeal did not contain the September 20, 2023 and January 22, 2024 hearings, two of the proceedings in which the trial court addressed the accommodation Plaintiff requested and what it would provide; (b) the Court of Appeals decided the accommodation issue on the record that was filed (*Van Hawk v. State* , slip op. ¶¶ 64–70); (c) Plaintiff has spent time and money locating, obtaining, and comparing the court's recordings with the transcript, including the cost of software, equipment, and services needed to transcribe recordings he cannot hear; (d) Plaintiff lacks a complete and accurate certified record for other proceedings in which the record of the criminal case may matter, including post-conviction case No. 43C01-2501-PC-000003 and habeas case No. 3:26-cv-01512; and (e) Plaintiff has suffered emotional distress.

59. This complaint does not allege that the omissions and alterations decided the outcome of the trial or the appeal, and does not ask this Court to find Plaintiff's conviction or sentence invalid. The relief sought concerns the preparation, accuracy, completeness, and preservation of the record, and the harm described in paragraph 58.

**K. Other ways to correct the record**

60. Indiana Appellate Rules 9(G), 31, and 32 provide ways to supplement or correct a transcript or prepare a statement of the evidence. The direct appeal ended May 14, 2026. Since

October 2026, Judge Reed has entered orders in the criminal case, including an October 27, 2026 order finding Plaintiff an abusive litigant under Indiana Trial Rule 11.2. This Court's October 26, 2026 Opinion and Order in No. 3:26-cv-01510 (ECF 6 at 2) describes an order directing the Clerk not to accept future filings from Plaintiff without leave. Plaintiff does not ask this Court to review or set aside any of those orders. He alleges that, in light of them, he has no adequate way to obtain a corrected, certified transcript from the state court. Plaintiff has not asked the court or Ms. Marks to correct the transcript. He did not know until November 16, 2026 that whole hearings were missing or what the court's recordings contained.

**L. Timing**

61. Ms. Marks certified and filed the transcript on April 4, 2025. This complaint is filed within two years of that date. Plaintiff first learned on November 16, 2026, when the transcript was compared with the court's recordings, that the September 20, 2023, October 17, 2023, and January 22, 2024 hearings were missing from it entirely.

**M. Related cases**

62. Plaintiff has not sued anyone before on these claims. He is a party to other pending cases in this District about other events: *Van Hawk v. Kosciusko County, et al.* , No. 3:26-cv-01510 (Brisco, J.); *Van Hawk v. Kehler, et al.* , No. 3:26-cv-01511; *Van Hawk v. State of Indiana* , No. 3:26-cv-01512 (habeas); and *Van Hawk v. Dukes, et al.* , Nos. 3:26-cv-01563 and 3:26-cv-01564. Kosciusko County is a defendant in No. 3:26-cv-01510 and is not named here. Plaintiff asserts no claim against the County here, and no claim depends on a County policy or custom. This complaint names no judge, clerk, prosecutor, or court as a defendant and does not ask this Court to review any state-court order. The claims here arise from the preparation and

certification of the transcript on April 4, 2025. Plaintiff is filing a protective notice under N.D. Ind. L.R. 40-1(d) with this complaint listing those cases.

## CLAIMS FOR RELIEF
## COUNT I
### 42 U.S.C. § 1983 — Fourteenth Amendment (Due Process and Access to the Courts) Against Pamela Marks in her individual capacity

63. Plaintiff repeats paragraphs 1 through 62.

64. A person convicted in a state criminal case and appealing has a right under the Fourteenth Amendment to a record of the proceedings that is adequate for appellate review. A court reporter who knowingly or recklessly omits proceedings from the transcript, or alters what was said, and then certifies the transcript as complete, interferes with that right.

65. Ms. Marks acted under color of state law when she prepared, certified, and filed the transcript.

66. On information and belief, Ms. Marks acted knowingly, or with reckless disregard, when she left out the hearings of September 20, 2023, October 17, 2023, and January 22, 2024, and the passages listed in Exhibit J (rows PO-1 to PO-3 and L-01 to L-18), and certified the transcript as "full, true, correct, and complete." (Paragraphs 52 through 56.)

67. Ms. Marks's conduct injured Plaintiff as described in paragraph 58.

68. Plaintiff seeks compensatory and nominal damages and, because Ms. Marks acted knowingly or with reckless indifference to his federally protected rights, punitive damages against her individually. He also seeks the declaratory relief described below.

## COUNT II
### 42 U.S.C. § 1983 and Ex parte Young — Prospective Relief Against Pamela Marks and John or Jane Doe in their official capacities

69. Plaintiff repeats paragraphs 1 through 62 and paragraphs 64 through 68.

70. The transcript Ms. Marks certified is incomplete and inaccurate in the ways described above. The omission and alteration continue because the incomplete transcript remains the certified record of the criminal case and the appeal.

71. On information and belief, Ms. Marks, Doe, or the court has custody or control of the court's recordings of the hearings, the reporter's notes and logs, the exhibits, the recorder computers, and the recorder records needed to prepare a complete and accurate transcript and to show who recorded each hearing.

72. Plaintiff asks for an order directing Ms. Marks, in her official capacity, to (a) prepare, certify, and file a corrected and complete transcript of all hearings designated in the Notice of Appeal, including the three hearings in paragraphs 25 through 27, and corrected text for each row of Exhibit J (PO-1 to PO-3 and L-01 to L-18) that the court's recordings confirm; and directing Ms. Marks and Doe, in their official capacities, to (b) preserve, and not alter, overwrite, or delete, until this case ends: (i) the native recorder files, with all audio channels and video, for every hearing in the criminal case and the January 3, January 18, and February 7, 2023 hearings, including the files in paragraphs 30 and 31 and the complete, full-day files at the storage paths named in their headers; (ii) the recorder computers identified in the headers as PC1862, PC1866, and PC1868, or complete forensic images of them; (iii) the recorder program's user, log-in, and audit records showing who recorded, saved, exported, or copied each file, including the copies made in April 2024; and (iv) the reporter's notes, logs, drafts, and exhibits for the hearings in her possession, custody, or control. Plaintiff asks that the order also bind Doe, the court's information-technology staff, and anyone else who receives actual notice of it and is in active concert or participation with them. Fed. R. Civ. P. 65(d)(2).

73. After the Clerk assigns a case number, Plaintiff will file a separate motion for an order preserving the items in paragraph 72(b) while the case is pending.

**PRAYER FOR RELIEF**

Plaintiff asks the Court to enter judgment in his favor and to:

A. Declare that the transcript certified by Pamela Marks on April 4, 2025 for Indiana Court of Appeals No. 24A-CR-03161 omits the hearings of September 20, 2023, October 17, 2023, and January 22, 2024, and omits, mislabels, or changes the passages identified in Exhibit J (rows PO-1 to PO-3 and L-01 to L-18) to the extent the court's recordings confirm; and that Ms. Marks's conduct violated Plaintiff's rights under the Fourteenth Amendment;

B. Order Ms. Marks, in her official capacity, to prepare, certify, and file a corrected and complete transcript of all hearings designated in the Notice of Appeal; and Ms. Marks, Doe, and those in active concert with them, to preserve the native recorder files, the recorder computers PC1862, PC1866, and PC1868 (or forensic images), the recorder program's user and audit records, and all notes, logs, drafts, and exhibits for those hearings until this case ends;

C. Award Plaintiff compensatory and nominal damages against Ms. Marks in her individual capacity, in an amount to be decided by the jury;

D. Award Plaintiff punitive damages against Ms. Marks in her individual capacity, in an amount to be decided by the jury;

E. Award Plaintiff his costs and, if he is later represented by counsel, reasonable attorney's fees under 42 U.S.C. § 1988; and

F. Grant any other relief the Court finds proper.

## DEMAND FOR JURY TRIAL

Under Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: Nov 19, 2026

Respectfully submitted,

Scotty Lee Van Hawk, Plaintiff, pro se
P.O. Box 144
Rochester, Indiana 46975
scottyvanhawk@gmail.com